**IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. SHELLE HARDIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-0421-C |
| ) | |
| 1. FIRST CASH FINANCIAL SERVICES, ) | TITLE VII |
| INC. d/b/a FIRST CASH AUTO PAWN, ) | GENDER DISCRIMINATION |
| ) | SEXUAL HARASSMENT |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

**COMES NOW THE PLAINTIFF** and for her cause of action herein alleges and states:

**PARTIES**

1. The Plaintiff is Shelle Hardin, an adult female who resides in Midwest City that is in Oklahoma County, Oklahoma.

2. The Defendant is First Cash Financial Services, Inc. incorporated in Arlington, Texas and doing business as First Cash Auto Pawn (herein after referred to as "Defendant Company") in Del City, Oklahoma County, Oklahoma.

**JURISDICTION AND VENUE**

3. Plaintiff's action is one for gender discrimination in employment which is prohibited by Title VII of the Civil Rights Act of 1964. Jurisdiction over the federal claim is vested in this Court under 42 U.S.C. § 2000e-5(f), 42 U.S.C. § 13981(e)(3) and 28 U.S.C. § 1331.

4. All of the claims arose in Oklahoma County and the Defendant, at all relevant times, had been doing business in such county. Oklahoma County is within the Western District of the United States District Court of Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. The Plaintiff, a Caucasian, adult, female, who at all pertinent times hereto was an employee Defendant Company from approximately September 1997 to December 22, 2003 when she was wrongfully terminated.

6. Plaintiff was hired as a manager in training (MIT). Plaintiff was promoted to assistant manager in approximately December 1997 at Defendant Company.

7. At the time of her termination, Mike Herman (male) was the general manager and supervisor over the Plaintiff.

8. Around June or July 2002, Herman told Plaintiff he was not going to hire any more females. After making this statement, Herman started writing up the Plaintiff for matters that were unfounded or unwarranted. Males were not similarly written up.

9. Mr. Herman terminated female employees for violations of company policy in circumstances when male employees who committed the same or similar violations have not be disciplined or terminated.

10. On or about December 22, 2003, Plaintiff was terminated for allegedly violating company policy in failing to respond to an alarm going off at store and at a time when property was actually being stolen.

11. In connection with the event giving rise to Plaintiff's termination, a male employee, Jerrod Harris, left the keys in two four-wheelers that evening, which is a violation of company policy. He also failed to lock down and secure the four-wheelers that night, which is also a violation of company policy. The theft involves the two vehicles which Harris had not secured. Mr. Harris was not disciplined or terminated as a result of this policy violation that resulted in monetary loss to Defendant company.

12. In connection with Plaintiff's actions, the store alarm was faulty and was known to be faulty. Plaintiff did respond to the alarm in the manner she had been instructed by Herman– which was that an initial alarm did not require a response and that only a follow-up or repeat required a response. The alarm company did not contact the

      Plaintiff for follow-up alarms and therefore she had no knowledge of a need to respond and did not violate the customary manner of responding. Plaintiff advised Defendant of this, but was terminated even though Defendant knew its reason was pretextual.

13. Defendant Company had not disciplined or fired other male employees for similar occurrences policy violations where there was monetary loss to the company.

14. Plaintiff has exhausted her administrative remedies by filing a timely claim of gender discrimination with the appropriate agency and by receiving a right to sue letter which was issued on January 6, 2004, and mailed to Plaintiff sometime thereafter. This suit is timely filed within ninety days of the issuance of the right to sue letter.

15. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender-based discrimination.

16. As damages the Plaintiff has suffered lost earnings, past and future, and emotional distress.

17. Because the actions of the Defendant was willful and wanton Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## **PRAYER**

**WHEREFORE** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess all actual and punitive damages together with pre- and postjudgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 9th DAY OF JUNE, 2004.**

    s/ Tamara Gowens
**HAMMONS & ASSOCIATES, INC.**
**MARK HAMMONS OBA # 3784**
**TAMARA L. GOWENS, OBA# 16564**
**325 DEAN A. McGEE**
**OKLAHOMA CITY, OK 73102**
**(405) 235-6100**
**FAX: (405) 235-6111**

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

## CERTIFICATE OF MAILING

A true copy of the foregoing was mailed postage prepaid and ECF copied to opposing counsel below listed on the 9TH day of JULY, 2004:

Mr. G. Rudy Hiersche, Jr.
Colcord Building, Ste. 1110
15 North Robinson
OKC, OK 73102
Fax: (405) 235-3142
Web: rudylaw@sbcglobal.net

Mr. Patrick Gaas
3 Greenway, Suite 2000
Houston, TX 77046-0307
Fax: (715) 890-3922
Web: www.coastsrose.com

    s/ Tamara Gowens