IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHELLE HARDIN | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CASE NO. CIV-04-0421-C |
| | § | |
| FIRST CASH FINANCIAL SERVICES, | § | |
| d/b/a FIRST CASH AUTO | § | |
| PAWN/HAPPY HOCKER | § | |
| | § | |
| Defendant. | | |

**DEFENDANT'S MOTION FOR STAY PENDING APPEAL AND BRIEF IN SUPPORT**

Defendant First Cash Financial Services, Inc. d/b/a First Cash Auto Pawn, incorrectly named by Plaintiff as "First Cash Financial Services, d/b/a First Cash Auto Pawn/Happy Hocker," files this motion and brief in support asking the Court to stay this litigation pending Defendant's appeal of the Court's order denying Defendant's Motion to Compel Arbitration and Abate Proceedings Pending Arbitration.

**I.      Procedural background.**

Plaintiff sued Defendant asserting claims arising out of her employment with Defendant.   Defendant moved to compel arbitration and stay this case pending arbitration because Plaintiff's claims were subject to Defendant's Dispute Resolution Rules and Procedures and Dispute Resolution Agreement.  By order dated February 9, 2005, the Court denied Defendant's motion.

**II.     Defendant has filed a notice of appeal and requests that the Court stay proceedings in this Court while Defendant's appeal is pending.**

Pursuant to 9 U.S.C. § 16(a)(1)(A) and 16(a)(1)(C), Defendant has filed a Notice of Appeal of the Court's order denying its motion to compel arbitration and stay

proceedings.  Defendant requests that the Court stay all proceedings in this Court until Defendant's appeal is finally resolved.

### III.     Defendant's appeal involves all aspects of this case, so proceedings in this Court should be stayed.

Defendant's filing of its notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.[1]  *Bradford-Scott Data Corporation, Inc. v. Physician Computer Network, Inc., et al.*, 128 F.3d 504, 505 (7th Cir. 1997); *Baron v. Best Buy Co., Inc.*, 79 F.Supp.2d 1350, 1353 (S.D. Fla. 1999).  Defendant contends that all of Plaintiff's claims are subject to arbitration, therefore the appeal of the order denying arbitration involves all aspects of the case.  If the Court of Appeals orders that the case should be arbitrated, this Court will lose jurisdiction over this entire matter.

There is a split among courts as to whether an appeal of an order denying arbitration necessarily requires a stay of the pending litigation.  *Compare Bradford-Scott Data Corporation, Inc. v. Physician Computer Network, Inc., et al.*, 128 F.3d 504, 505 (7th Cir. 1997) (holding that a stay of litigation is proper during pendency of a non-frivolous appeal of an order denying a motion to compel arbitration), *Blinco v. Green Tree Servicing, L.L.C.*, 366 F.3d 1249 (11th Cir. 2004), *Baron v. Best Buy Co., Inc.*, 79 F.Supp.2d 1350, 1353 (S.D. Fla. 1999), *Cendant Corp. v. Forbes*, 72 F.Supp.2d 341, 343 (S.D.N.Y. 1999), *Satcom International Group PLC v. Orbcomm International Partners, L.P.*, 55 F.Supp.2d 231 (S.D.N.Y. 1999) *with Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990) (denying a stay of proceedings in the district court during

---

[1] The exceptions to this rule are where the appeal is patently frivolous or taken for an obviously improper purpose.  *Cendant Corp. v. Forbes*, 72 F.Supp.2d 341, 343 (S.D.N.Y. 1999); *Bradford-Scott*, 128 F.3d at 506; *Baron*, 79 F.Supp.2d at 1354.  Neither of the exceptions applies here.

an appeal from an order denying motion to compel arbitration)[2], *Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2nd Cir. 2004), *Desktop Images, Inc. v. Ames*, 930 F.Supp. 1450 (D. Col. 1996).  *Cf. also Hill v. Peoplesoft USA, Inc.*, 341 F.Supp.2d 559 (D. Md. 2004) (granting stay in part by refusing to conduct trial or rule on motions for summary judgment during pendency of appeal of order denying motion to compel arbitration).   It appears that no federal district court in Oklahoma nor the 10th Circuit Court of Appeals has addressed this issue.   Defendant believes that the reasoning of the cases discussed in this brief supporting a stay pending appeal is persuasive.

**IV.    A stay of these proceedings will further the policy behind 19 U.S.C. § 16(a), protect Defendant's right to arbitration, avoid inconsistent handling by different tribunals, and save time and money.**

In 19 U.S.C. § 16(a), Congress made an order denying a motion to compel arbitration immediately appealable, thereby acknowledging one of the principal benefits of arbitration: avoiding the high costs and time involved in judicial dispute resolution. Blinco, 366 F.3d at 1251.  *See also Cendant Corp. v. Forbes*, 72 F.Supp.2d 341, 343

---

[2] In *Blinco* (decided in April 2004), the 11th Circuit recently considered the arguments on both sides of the issue and held as follows:

> We are unpersuaded by the two reasons articulated by the Ninth Circuit in refusing to stay proceedings in the district court pending appeal under § 16(a).  First, the Ninth Circuit [in *Britton*] concluded that an appeal concerning arbitrability does not affect the proceedings in the district court to resolve the merits, but as the Seventh Circuit explained [in *Bradford-Scott*], "[w]hether the litigation may go forward in the district court is precisely what the court of appeals must decide."  Second, the Ninth Circuit expressed its concern that an automatic stay would allow a litigant the ability to disrupt the schedule of the district court by frivolous appeals.  Again, as the Seventh Circuit reasoned, upon motion, a court of appeals, however, can either dismiss the appeal as frivolous or affirm summarily the denial of the motion to compel arbitration.

*Blinco*, 366 F.3d at 1252.  The 11th Circuit concluded that the proper course for obtaining a stay pending appeal of a motion to compel arbitration is to file a motion to stay litigation in the district court, which the district court should grant as long as the appeal is not frivolous. If the district court denies the motion to stay, the appellant may then file a motion in the court of appeals asking that court to stay litigation in the district court pending the appeal, which the court of appeals should grant if the appeal is not frivolous. *Id.* at 1253.

(S.D.N.Y. 1999).   "'Section 16 'is a pro-arbitration statute designed to prevent the appellate aspect of the litigation process from impeding the expeditious disposition of an arbitration.'"  *Satcom International Group PLC v. Orbcomm International Partners, L.P.*, 55 F.Supp.2d 231, 234 (S.D.N.Y. 1999), *citing Augusta Impb Et Salvataggi v. Mitsubishi Corp.*, 126 F.3d 95, 98 (2nd Cir. 1997).  Thus, "[a] district court must be careful not to undermine [the policy behind section 16] by pushing forward with a case in the face of a pending appeal from the denial of arbitration . . ."  *Cendant Corp.*, 72 F.Supp.2d at 343.

Refusing Defendant a stay of proceedings in this Court pending appeal would defeat the point of Defendant's appeal, which is to send these proceedings to arbitration, and would "effectively deprive [Defendant] of the possibility of having the underlying controversy presented to an arbitrator in the first instance."  *Id.*  *See also Blinco*, 366 F.3d at 1252.  In addition, if the Court does not stay this litigation pending appeal, the parties will have to proceed in both judicial and arbitral forums, which would force the parties to incur both litigation and arbitration costs; the benefits of arbitration— primarily faster and less expensive dispute resolution—may therefore be eroded or even lost.  *Bradford-Scott*, 128 F.3d at 506.  Staying this action until the appeal is resolved favors judicial economy by avoiding potentially unnecessary litigation efforts, avoiding a risk of inconsistent handling of the case by two different tribunals, and avoiding a potentially significant waste of resources by both the Court and the parties. *See*, *e.g.*, *Bradford-Scott*, 128 F.3d at 505-506; *Baron*, 79 F.Supp.2d at 1353; *Cendant Corp.*, 72 F.Supp.2d at 343;  *In re Startec Global Communications Corp.*, 303 B.R. 605, 609 (D. Md. 2004); *Satcom International Group PLC v. Orbcomm International Partners, L.P.*, 55 F.Supp.2d 231, 236-37 (S.D.N.Y. 1999).

In deciding to grant a stay of proceedings pending appeal of an order denying arbitration, the *Satcom* court analyzed the arguments made by the various courts for and against a stay and held as follows:

> . . . the appeal raises the same issues as would further proceedings before this Court on the merits.  In the decision from which the appeal is taken, the Court decided that the relevant agreements did not require arbitration at this juncture in the litigation and that plaintiff had waived any right to arbitrate it once possessed.   On this basis, the Court enjoined the arbitration previously initiated by SATCOM.  In effect, the substance of the Court's decision was that further proceedings would take place before this Court and not before an arbitrator.   Additional proceedings before this Court during pendency of the appeal therefore raise precisely the issue that the Second Circuit will address, namely the proper forum for the resolution of the remaining issues in this case.  As a result, the normal rule in favor of divestiture of jurisdiction should apply during pendency of the appeal and a stay is appropriate until jurisdiction is returned to this Court by the issuance of the mandate of the Court of Appeals.  The application of the divestiture rule in this case is entirely in keeping with the principle of judicial economy from which the rule arises.  In addition, this result is consistent with [] the statutory objective of Section 16(a) to promote arbitration . . .

*Satcom*, 55 F.Supp.2d at 236-37 (citations omitted).

**V.     Plaintiff will not be prejudiced by a stay pending appeal.**

A stay of these proceedings will not prejudice or harm Plaintiff.  Defendant has already provided Plaintiff with initial disclosures and responses to requests for admissions, interrogatories and requests for production (all subject to and without waiving its right to arbitration), which is possibly more discovery than Plaintiff would be entitled to in an arbitration proceeding.

**VI.    Conclusion.**

WHEREFORE, PREMISES CONSIDERED, Defendant First Cash Financial Services, Inc. d/b/a First Cash Auto Pawn hereby respectfully asks this Court to grant its Motion for Stay Pending Appeal and stay this lawsuit until Defendant's appeal of the

Court's order denying arbitration and stay is finally resolved, and grant Defendant such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ Patrick E. Gaas

_____
Patrick E. Gaas
State Bar No. 07562790
Coats Rose Yale Ryman & Lee, P.C.
3 Greenway, Suite 2000
Houston, Texas 77046
(713) 651-0111 Telephone
(713) 890-3922 Direct Fax

Local Counsel

/s/ G. Rudy Hiersche, Jr.

_____
G. Rudy Hiersche Jr.
State Bar No. #4183
Hiersche Law Firm
15 North Robinson, 11th Floor
Oklahoma City, OK 73102
(405) 235-3123 Telephone
(405) 235-3142 Facsimile
ATTORNEYS FOR DEFENDANT
FIRST CASH FINANCIAL SERVICES, d/b/a
FIRST CASH AUTO PAWN/ HAPPY
HOCKER

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on all parties of record in accordance with the Federal Rules of Civil Procedure.

/s/ G. Rudy Hiersche, Jr.

_____
G. Rudy Hiersche Jr.